**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

VENTUREFORTH, LLC
1334 North Capitol Street NW
Washington, D.C. 20001

Plaintiffs,

v.

4FRONT ADVISORS, LLC
5060 North 40th Street, Suite 120
Phoenix, Arizona 85018

Defendants.

Case No. 15-721

**COMPLAINT**

Plaintiff VentureForth, LLC ("VentureForth" or "Plaintiff"), by its undersigned attorneys, as and for its Complaint alleges:

**PARTIES**

1. VentureForth is a limited liability company organized under the laws of the District of Columbia, with its principal place of business at 1334 North Capitol Street NW, Washington, D.C. 20001.

2. VentureForth's sole Member is VentureForth Holdings, LLC, a limited liability company organized under the laws of the District of Columbia. VentureForth Holdings, LLC has four Members: one individual citizen of Virginia, two individual citizens of the District of Columbia, and a Delaware limited liability company, Apelles VentureForth SPE, LLC (which has its principal place of business in New York, New York) ("AVF"). AVF's Members are citizens of California, New York, Massachusetts, Vermont, Connecticut and Nebraska.

3. Upon information and belief, 4Front Advisors, LLC (“4Front” or “Defendant”) is a limited liability company organized under the laws of Arizona, with its principal place of business at 5060 North 40th Street, Suite 120, Phoenix, Arizona 85018.

4. Upon information and belief, the Members of 4Front are citizens of Arizona and Michigan.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff’s claims pursuant to 28 U.S. Code §§ 1331 & 1338 because it relates to copyright and arises under the Copyright Act, 17 U.S. Code §§ 101 *et seq.*

6. This Court also has jurisdiction over Plaintiff’s claims pursuant to 28 U.S.C. § 1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

**STATEMENT OF FACTS**

8. This action was commenced for declaratory relief seeking a declaration of non-infringement as to any of 4Front’s alleged “property,” including any claimed copyright, a declaration that VentureForth has not breached any contractual obligation purportedly owed to 4Front, and for injunctive relief to enjoin 4Front from threatening to file and/or commencing legal actions against VentureForth or any of its affiliates in other jurisdictions based upon the facts, claims, theories or allegations set forth herein.

9. This action is necessitated by VentureForth's receipt of a letter from 4Front alleging "unauthorized and infringing use" of unspecified 4Front "property," and a series of threats to bring litigation against VentureForth and unspecified other entities affiliated with officers and Managers of VentureForth, unless VentureForth agrees to a proposed resolution of 4Front's baseless allegations.

10. VentureForth has not used or infringed any "property" of 4Front. Nonetheless, the threatened litigation, and the prospect of serial litigation, threatens injury to VentureForth's business and the business of its affiliates. Accordingly, Plaintiff brings this action for a declaration of non-infringement.

11. VentureForth has not breached any contractual agreement with 4Front. Nonetheless, the threatened litigation, and the prospect of serial litigation, threatens injury to VentureForth's business and the business of its affiliates. Accordingly, Plaintiff brings this action for a declaration of non-breach.

**History of the 4Front / VentureForth Relationship**

12. In or about 2011, VentureForth retained 4Front to assist it in preparing two applications, for separate licenses to cultivate and dispense medical marijuana in the District of Columbia in accordance with Regulations promulgated by the District of Columbia Department of Health (the "License Applications").

13. The License Applications were prepared by VentureForth, with some assistance and support provided by 4Front.

14. 4Front's assistance was provided strictly on a for-hire basis. Pursuant to a written contract, VentureForth compensated 4Front for its assistance in preparing the License Applications.

15. The License Applications are the sole property of VentureForth.

16. All copyrights and any other intellectual property interest to the License Applications belong to VentureForth.

17. 4Front does not own a copyright or have any other property interest in the License Applications.

18. The License Application for a cultivation license was submitted by VentureForth in September 2011, and the License Application for a dispensary license was submitted by VentureForth in December 2011.

19. In March 2012 and June 2012, respectively, VentureForth's License Applications were selected as eligible to move forward with the licensing process. On April 2, 2013, VentureForth was awarded a license to cultivate medical marijuana in the District of Columbia, and on April 22, 2013, VentureForth was awarded a license to dispense medical marijuana in the District of Columbia.

20. In or about second half of 2013, and in full compliance with the laws and regulations of the District of Columbia, VentureForth began operation of a licensed cultivation facility and a dispensary in the District of Columbia.

**Other Applications**

21. In or about 2013 and 2014, some of the Managers of VentureForth formed certain additional entities (the "Other Entities") to apply for licenses to cultivate and dispense medical marijuana in other jurisdictions. None of these entities are owned or controlled by VentureForth, and VentureForth has no interest in law or fact in the Other Entities.

22. In 2013 and 2014, some of the Other Entities prepared applications for licenses to cultivate and dispense medical marijuana in other jurisdictions (the "Other Applications").

23. The Other Applications were prepared and submitted entirely by the Other Entities (including their affiliates), and their employees, contractors and/or retained professionals.

24. 4Front had no role in drafting, preparing or submitting the Other Applications

25. No 4Front intellectual property, and no information or "property" provided by 4Front to VentureForth, was submitted with, or used to prepare, the Other Applications.

26. No 4Front intellectual property, and no information or "property" provided by 4Front to VentureForth, was used or "infringed" in connection with the preparation or submission of the Other Applications.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28. Neither Plaintiff, nor any entity affiliated with them, has used any 4Front information or "property" in their applications for licenses to cultivate and dispense medical marijuana submitted in other jurisdictions.

29. A justiciable controversy exists and is ripe for adjudication.

30. Plaintiff respectfully requests for the Court to declare the rights of the parties, and ultimately issue an Order holding that VentureForth and its affiliates have not made

any unauthorized or infringing use of any information or property provided to VentureForth by 4Front.

31. Plaintiff respectfully requests for the Court to declare the rights of the parties, and ultimately issue an Order holding that VentureForth has not breached any contractual obligation to protect, or refrain from using, any information or property provided to VentureForth by 4Front.

## SECOND CLAIM FOR RELIEF
**(Declaration of Non-Infringement of Copyright)**

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. A justiciable controversy exists and is ripe for adjudication.

34. Plaintiff respectfully requests for the Court to declare the rights of the parties, and ultimately issue an Order holding that VentureForth and its affiliates have not infringed any copyright belonging to 4Front.

35. Plaintiff respectfully requests for the Court to declare the rights of the parties, and ultimately issue an Order holding that 4Front does not own the copyright to the License Applications.

## THIRD CLAIM FOR RELIEF
**(Permanent Injunction)**

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37. As is set forth above, VentureForth has not breached any contractual obligation to 4Front.

38. As is set forth above, Plaintiff and its affiliates have not improperly used 4Front's information or property in the Other Applications.

39. 4Front has threatened to file one or more lawsuits against VentureForth and/or entities affiliated with VentureForth, in this Court and in other jurisdictions arising out of alleged use or infringement of 4Front information or property.

40. If 4Front is permitted to continue to assert baseless allegations that Plaintiff has plagiarized and infringed upon its information property and the injunctive relief sought herein is not granted, Plaintiff and/or its affiliated entities will suffer irreparable injury, including the loss of media good will, as well as the non-award, or potential loss, of highly lucrative licenses in other jurisdictions. The future loss of business resulting from the loss or non-award of licenses is incalculable.

41. The injury resulting from the loss or non-award of licenses due to 4Front's wrongful conduct is irreparable and cannot be adequately compensated for via money damages.

42. Plaintiff respectfully requests for the Court to declare the rights of the parties, and ultimately issue an Order enjoining 4Front from commencing filing and/or commencing lawsuits against Plaintiff, or any parent, subsidiary, affiliate, officer, Manager, Member, agent, servant, employee, or attorney of Plaintiff, arising out of the subject matter set forth above.

43. The injunctive relief requested will not harm 4Front because Plaintiff has not utilized 4Front information in its Other Applications, and because VentureForth has no contractual obligation to 4Front.

44. The injunctive relief requested will not harm 4Front because 4Front's allegations will be fully addressed by the Court in this action.

45. Absent the injunctive relief requested, any ultimate award granted will be rendered ineffectual.

46. Plaintiff has no adequate remedy at law.

**WHEREFORE** Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant granting it the following relief:

a. On the First Claim for Relief, a declaration that (i) Plaintiff has not made any unauthorized or infringing use of any 4Front information or property in any applications to cultivate and dispense medical marijuana submitted in other jurisdictions; and (ii) Plaintiff has not breached any contractual obligation to protect or refrain from using any information or property provided to VentureForth by 4Front;

b. On the Second Claim for Relief, a declaration that VentureForth and its affiliates have not infringed any copyright in any material provided to it by 4Front;

c. On the Third Claim for Relief, an order permanently enjoining 4Front from filing and/or commencing lawsuits against Plaintiff, or any parent, subsidiary, affiliate, officer, Manager, Member, agent, servant, employee, or attorney of Plaintiff, based upon the facts, claims, theories or allegations set forth herein or otherwise arising out of the subject matter of this action, in any jurisdiction;

d. Awarding Plaintiff the reasonable costs of this proceeding, including but not limited to its reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1); and

e. Such further relief that the Court deems just and equitable.

Dated: May 12, 2015

WILEY REIN LLP

By: /s/ Todd A. Bromberg

Todd A. Bromberg (D.C. Bar No. 472554)
1776 K Street NW
Washington, DC 20006
(202) 719-7357
tbromberg@wileyrein.com

*Counsel:*

PADUANO & WEINTRAUB LLP
Anthony Paduano
Meredith Cavallaro
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100

*Attorneys for Plaintiffs*